STATE ex rel. SEIM, Appellant, v. CRONIN et al., Respondents.
(137 N. W. 592.)

1. **Appeal—Dismissal of Appeal—Affidavits—Hearing.**

   After motion to dismiss appeal on ground that it is being prosecuted without appellant's authority, has been taken under advisement, the court, after requiring respondents to show cause why appellant should not be permitted to file an additional affidavit, modifying somewhat his original affidavit used on original hearing, may receive such new affidavit.

2. **Appeal—Dismissal of Appeal—Insufficient Grounds.**

   A motion to dismiss appeal as prosecuted without appellant's authority, where appellant presents an additional affidavit concerning misunderstandings as to costs, by reason of which he signed the original affidavit on which the order to show cause why appeal should not be dismissed was based,—in which second affidavit it appeared he was not opposed to the appeal, but merely did not want to be responsible for costs, that he and others desired a supreme court decision in the case, and that question of costs had been satisfactorily adjusted,—should be denied.

(Opinion filed October 1, 1912.)

Appeal from Circuit Court, Grant County.    Hon. FRANK McNULTY, Judge.

Proceeding in the nature of a writ of prohibition by the State, on the relation of C. L. Seim, against T. R. Cronin and others. From a judgment denying the writ, plaintiff appeals. On order to show cause why the appeal should not be dismissed. Order to show cause dismissed, and motion to dismiss appeal denied.

*George S. Rix*, for Appellant.

*Thomas L. Bouck*, for Respondents.

Citations in support of order to show cause why above appeal should not be dismised: Dalbkermeyer v. Scholtes et al., 3 S. D. 124; Adkinson v. Gahan, (Ill.) 28 N. E. 380; Prentice v. Franklin County, (Wash.) 103 Pac. 831; Tuttle v. Omaha, (Neb.) 75 N. W. 50; State v. Moriarty, 20 Iowa, 595; Granat v. Kruse, (Ill.) 72 N. E. 744; In re Degnan, (Cal.) 64 Pac. 485; Bank v. Citizens Bank, 66 Ga. 752; Hood v. Marshall, (N. H.) 45 Atl. 574; Tacoma Lumber Co. v. Wolf, (Wash.) 29 Pac. 936; Birch v. Brown, 5 Mich. 31; Bacon v. Lawrence, 26 Ill. 53; Goodenow v. Perry, 12 Ia. 350; Harper v. Albee, 10 Ia. 389; International Bldg. Ass. v. Snodgrass, (Tex.) 26 S. W. 309; Fort v. Fort, (Tenn.) 101 S. W. 433.

CORSON, J. This case is before us on an order issued on the application of the defendants and respondents, requiring the appellant to show cause why the appeal should not be dismissed, on the ground that said appeal was taken and is being prosecuted without authority on the part of the plaintiff and appellant in this action. The order was issued on March 14, 1912, returnable on the 29th day of the same month. On the day appointed in the order ,the parties appeared by their respective attorneys, and the court, after a hearing in the case, took the same under advisement. On April 1st an order was issued, on the application .of the appellant, requiring the respondents to show cause why the appellant should not be permitted to present and file a second affidavit of the plaintiff, and why further hearing should not be had herein. An order was thereupon made, returnable on the 16th day of April, 1912. On the day fixed in the order, the appellant presented the second affidavit made by the plaintiff, modifying to some extent his former affidavit upon which the original order to show cause was issued, and concluding as follows: "That there were certain misunderstandings as to costs and other things that made me sign an affidavit which would make it appear that I was opposed to said appeal. That personally I am in no way opposed to said appeal, but did not want to be responsible for costs, and that myself and many others would like a Supreme Court decision on this case. That the payment of the costs in the above-entitled action has been guaranteed to me, which makes it entirely satisfactory."

[1] We are of the opinion that the plaintiff's second affidavit

should be received and considered by the court the same as though presented by the appellant on the hearing of said original order to show cause.

[2] We are of the opinion, also, that, in view of the modification of the plaintiff's original affidavit and his statements made in his second affidavit, the court would not be justified in dismissing the appeal.

The order to show cause, therefore, issued on the application of the defendants and respondents, is dismissed, and the motion for a dismissal of the appeal is denied.